# U.S. DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

STARLENE SWARTZ,

              Plaintiff,

   -against-

WORLD CLASS KIDS, INC. and
MICHAEL BREDA,

              Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

1:15-cv-1300 (FJS/DJS)

      The Plaintiff Starlene Swartz, by and through her attorneys, The Tuttle Law Firm, James B. Tuttle, Esq., of Counsel, respectfully alleges as follows as and for her complaint in this matter.

## VENUE AND JURISDICTION

      1.     This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination on the basis of gender pursuant to the Civil Rights Act of 1964, 42 U.S. Code §2000 *et seq.* (as amended 1972) (Title VII).  Separate causes of action are brought pursuant to 42 U.S. Code §2000e-5(k) and the New York State Human Rights Law.

      2.     The jurisdiction of this Court is invoked pursuant to 28 U.S. Code §§ 1331 and 1343 (a) (3) and (4).  Jurisdiction of the state law claims asserted is invoked pursuant to the supplemental jurisdiction of this Court, 28 U.S. Code § 1367.

      3.     The unlawful employment practices and acts alleged in this complaint were all committed in the Northern District of New York.  Venue in this district is therefore proper pursuant to §§ 706 (f)(3) of Title VII, U.S. Code § 2000e-5(f)(3).

      4.     Prior to the commencement of this action and on or about March 5, 2015 the Plaintiff filed a charge a discrimination against the Defendants with the United Stated Equal

Employment Opportunity Commission (hereinafter "the EEOC") complaining of the acts of discrimination alleged herein.

5. On September 14, 2015, the Plaintiff received from the EEOC a letter informing her of her right to sue the Defendants in Federal Court. The Plaintiff's "Right to Sue" letter is annexed hereto as Exhibit A.

## THE PARTIES

6. The Plaintiff Starlene Swartz is and at all times relevant hereto was a female over the age 21. At the time of the acts complained of she resided Queensbury, New York 12804.

7. Upon information and belief, the Defendant World Class Kids, Inc. is and at all times relevant hereto was a domestic business corporation organized and existing under the laws of the State of New York with its principal place of business at in Queensbury, New York 12804. At all times relevant hereto, it also had a facility in South Glens Falls and known as the South Glens Falls Facility located at 1450 Route 9 in Moreau, New York 12828 where most of the acts herein complained of took place.

8. Upon information and belief, World Class Kids, Inc. had between 30 and 32 full time employees at all times relevant hereto.

9. Upon information and belief, the Defendant Michael Breda is and at all times relevant hereto was a resident of Queensbury, Warren County, New York.

## FACTUAL ALLEGATIONS

10. The Plaintiff's employment with World Class Kids, Inc. began in 2008 when she was hired as an assistant to the Director of the South Glens Falls Facility. Six to eight months after that she was made the Director of the South Glens Falls Facility when the previous Director

left. As the Director of the South Glens facility she reported directly to Defendant Michael Breda.

11. Because Defendant Breda was responsible for both the Queensbury daycare center and the South Glens facility, he would not spend the entire work week in the South Glens Falls facility, but he was generally there four to five days per month.

12. During the time that Defendant Breda was present at the South Glens Falls facility, his presence created a sexually hostile work environment in that he regularly engaged in sexually offensive and harassing conduct towards the Plaintiff, including but not limited to, the following, all of which were unwanted and unwelcomed by the Plaintiff:

- He directed the Plaintiff to only hire attractive, young female staff;

- He would constantly talk about sex in the presence of the Plaintiff and other female staff members, including discussions of sexual positions, sexual practices and countless other references to sex;

- He would frequently talk about how "horny" he was;

- He would speak of watching pornography on his laptop;

- He would describe to the Plaintiff, in vulgar terms, the acts he would engage in if he were to have sex with her;

- He would frequently talk about how large his genitals were and offered numerous times to show them to the Plaintiff. He would urge the Plaintiff to get a ruler and measure his sex organ. To make his point, on two separate occasions he dropped his pants and fully exposed his genitals to the Plaintiff's view;

- He would repeatedly touch or pat the Plaintiff's rear end, often in the presence of other female staff, pretending to be checking to see how much weight she had lost;

- He would frequently put his hands in the area of his crotch imitating an erection and say to the Plaintiff "see what you do to me";

- He would take every opportunity to look down the Plaintiff's blouse and comment on what he saw;

- His greetings and departures began with a polite kiss on the cheek but then progressed to a full kiss on the lips;

13. Instances of all of the above-referenced conduct took place within 300 days of the date of the Plaintiff's initial complaint to the EEOC.

14. Further details of these and other incidents have previously been provided to the Defendants in the form of a copy of the Plaintiff's complaint to the EEOC which preceded this lawsuit.

15. Defendant Breda's conduct ultimately became so offensive that the Plaintiff left the employ of World Class Kids, Inc. giving her two week notice on February 4, 2015.

16. The Defendants refused and continue to refuse to pay her the wages she earned between January 24, 2015 and February 18, 2015.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST WORLD CLASS KIDS, INC., THE PLAINTIFF ALLEGES AS FOLLOWS:

17. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "16" of this complaint as though fully set forth herein.

18. The Defendant World Class Kids, Inc. has discriminated against the Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

19. The Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, monetary damages, conscious pain and suffering, including loss of enjoyment of life,

mental anguish, humiliation and emotional distress as a result of the Defendant's conduct unless and until this Court grants relief.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS, THE PLAINTIFF ALLEGES AS FOLLOWS:

20. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" of this complaint as though fully set forth herein.

21. The foregoing acts and practices of both defendants constitute unlawful discriminatory employment practices within the meaning of the New York State Human Rights Law.

22. The Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, monetary damages, conscious pain and suffering, including loss of enjoyment of life, mental anguish, humiliation and emotional distress as a result of the Defendants' conduct unless and until this Court grants relief.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT MICHAEL BREDA, THE PLAINTIFF ALLEGES AS FOLLOWS:

23. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this complaint as though fully set forth herein.

24. The foregoing acts and practices of Defendant Breda towards the Plaintiff constitute the civil torts of assault and battery as defined by the laws of the State of New York.

25. The Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, monetary damages, conscious pain and suffering, including loss of enjoyment of life,

mental anguish, humiliation and emotional distress as a result of Defendant Breda's assault and battery unless and until this Court grants relief.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS, THE PLAINTIFF ALLEGES AS FOLLOWS:

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" of this complaint as though fully set forth herein.

27. The foregoing acts and practices of both Defendants toward the Plaintiff constitute the negligent infliction of emotional injuries as defined in New York Law.

28. The Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, monetary damages, conscious pain and suffering, including loss of enjoyment of life, mental anguish, humiliation and emotional distress as a result of the Defendants' discriminatory, sexually harassing and assaultive conduct unless and until Court grants relief.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS, THE PLAINTIFF ALLEGES AS FOLLOWS:

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this complaint as though fully set forth herein.

30. The Plaintiff hereby demands the award of Attorney's fees against the Defendant World Class Kids, Inc. pursuant to the authority of 42 U.S. Code § 2000e-5(k) and the New York State Human Rights Law.

## DEMAND FOR PUNITIVE DAMAGES

31. The conduct herein complained of on the part of both Defendants was so extreme, outrageous, severe and beyond the bounds of decency as to warrant the imposition of punitive damages.

## DEMAND FOR JURY TRIAL

32. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a Trial by Jury of all causes of action.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment:

    a. Declaring that the acts and practices of Defendant World Class Kids, Inc. complained of herein were in violation of Title VII;

    b. Awarding the Plaintiff compensatory and punitive damages against World Class Kids, Inc. under Title VII in the amount authorized by that statute at such time as judgment shall be rendered in this matter;

    c. Awarding the Plaintiff her costs in this action, together with reasonable attorney's fees as provided for in §706(k) of Title VII, U.S. Code, §2000e-5(k) and the New York State Human Rights Law;

    d. Awarding the Plaintiff damages against both Defendants for all of her general, special, incidental and consequential damages, including damages for conscious pain and suffering, loss of enjoyment of life, mental anguish, humiliation and emotional distress on her State law claims;

    e. Awarding punitive damages against both Defendants; and

    f. Granting such other and further relief as the Court shall deem necessary and proper.

Dated: October 28, 2015
At: Latham, NY

Respectfully submitted,

THE TUTTLE LAW FIRM

_____
James B. Tuttle, Esq.
Attorneys for the Plaintiff
Federal Bar Roll Number: 102748
10 Century Hill Drive, Suite 4
Latham, NY 12110
(518) 783-1001